```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,    :
         Plaintiff
                             :

     vs.                     :  CRIMINAL NO. 1:CR-00-289-01

                             :
ALONZO THORNTON,
         Defendant           :
```

*M E M O R A N D U M*

I.  *Introduction*

Defendant, Alonzo Thornton, has filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. The government has filed a response in which it agrees Defendant may be entitled to relief, subject to consideration of public safety factors and Defendant's institutional history.

In the exercise of our discretion, we will deny relief for the reasons that follow.

II.  *Background*

In March 2001, pursuant to a written plea agreement, Defendant pled guilty to count II of the indictment against him,

which charged him with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846.

A presentence report (PSR) was prepared, calculating Defendant's guideline range. Defendant's drug quantity was determined to be at least 499 grams for a base offense level of 34. (PSR ¶ 33). Two points were added for use of a firearm during the offense, two points for being a manager of the conspiracy and two points for using a minor. Three points were deducted for acceptance of responsibility, giving Defendant a total offense level of 37. Combined with a criminal history category of II, the guideline range was 235 to 293 months.

At sentencing on January 16, 2002, the government moved under U.S.S.G. § 5K1.1 for a downward departure based on substantial assistance, and the court sentenced Defendant to 180 months.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the

extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c).

The court has discretion to grant a section 3582(c)(2) motion. *United States v. Hanlin*, 48 F.3d 121, 124 n.2 (3d Cir. 1995); *see also* Background Commentary to section 1B1.10 ("The listing of an amendment in subsection (c) reflects policy determinations by the Commission . . . that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate . . . The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right"). In exercising its discretion, in addition to the factors set forth in 18 U.S.C. § 3553(a), the court may consider Defendant's post-sentencing conduct. In part, application note 1(B)(iii) to section 1B1.10 allows such conduct

to be taken into account in determining "whether such a reduction is warranted."

It appears that Amendment 706 does have the effect of lowering Defendant's applicable guideline range. Under the amendment, Defendant's base offense level is 32, rather than 34, and with all other factors the same, his amended guideline range is 188 to 235 months.

However, as noted, Defendant is not automatically entitled to the reduction, and for two reasons we will not grant it. First, under section 3553(a)(1), we can consider "the nature and circumstances of the offense and the history and characteristics of the defendant." In an uncharged offense, Defendant had assisted in a 1999 arson fire in Carlisle, Pennsylvania, by obtaining the arsonist and providing some suggestions on how to carry out the arson. The fire destroyed five businesses, left fifty-eight people homeless, and caused $3 million in damages. (PSR ¶¶ 22-26). Second, under section 1B1.10 we can consider Defendant's post-sentencing conduct, and Defendant was twice found guilty in prison disciplinary proceedings of possessing a dangerous weapon.

> We will issue an order denying the motion.

>> /s/William W. Caldwell
>> William W. Caldwell
>> United States District Judge

Date: September 8, 2008

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,       :
        Plaintiff
                                :

        vs.                     :   CRIMINAL NO. 1:CR-00-289-01

                                :
ALONZO THORNTON,
        Defendant               :
```

*O R D E R*

AND NOW, this 8th day of September, 2008, it is ordered that Defendant's motion (doc. 55) for reduction of his sentence under 18 U.S.C. § 3582(c)(2) is denied.

```
                                 /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge
```